**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|  |  |  |
|---|---|---|
| AMERICAN IMMIGRATION LAWYERS ASSOCIATION<br>    1331 G Street NW, Suite 300<br>    Washington, DC 20005, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| EXECUTIVE OFFICE FOR IMMIGRATION REVIEW<br>    U.S. Department of Justice<br>    5107 Leesburg Pike<br>    Falls Church, VA 22041, | ) ) ) ) ) ) | |
| JUAN P. OSUNA, in his official capacity as Director of the Executive Office for Immigration Review<br>    Executive Office for Immigration<br>    Review<br>    U.S. Department of Justice<br>    5107 Leesburg Pike<br>    Falls Church, VA 22041, | ) ) ) ) ) ) ) ) ) | Civil Action No. |
| U.S. DEPARTMENT OF JUSTICE<br>    950 Pennsylvania Avenue NW<br>    Washington, DC 20530, | ) ) ) ) | |
| ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States<br>    U.S. Department of Justice<br>    950 Pennsylvania Avenue NW<br>    Washington, DC 20530, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR DECLARATORY, INJUNCTIVE,
AND MANDAMUS RELIEF**

**INTRODUCTION**

1. Plaintiff American Immigration Lawyers Association (AILA) brings this action to enforce the Freedom of Information Act (FOIA), 5 U.S.C. § 552. AILA challenges the failure of the Executive Office for Immigration Review (EOIR) and the U.S. Department of Justice (DOJ), of which EOIR is a part, to produce at no cost to AILA records in response to a FOIA request. That request sought complaints against immigration judges, records relating to the resolution of those complaints, and an index of those requested records that constitute final opinions and orders made in the adjudication of cases. AILA also challenges the agencies' failure to publish electronically, as required by 5 U.S.C. § 552(a)(2), all final opinions and orders made in the adjudication of complaints against immigration judges.

2. This case arises under FOIA, 5 U.S.C. § 552, the Administrative Procedure Act, 5 U.S.C. § 706, and the Mandamus and Venue Act, 28 U.S.C. § 1361.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) (FOIA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1361 (Mandamus and Venue Act). Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

4. Plaintiff AILA is a national association of more than 12,000 attorneys and law professors who practice and teach immigration law. In furtherance of its mission to promote justice and advocate for fair and reasonable immigration law and policy, AILA

seeks to provide members and the general public with up-to-date information, news, and commentary on all aspects of immigration law and policy.

5.  Defendant DOJ is an agency of the United States government and has possession of and control over the records that AILA seeks. DOJ has a nondiscretionary duty to publish final opinions and orders made in the adjudication of complaints against immigration judges.

6.  Defendant Eric H. Holder, Jr., is the Attorney General of the United States and is sued in his official capacity.

7.  Defendant EOIR is a component of DOJ. *See* 28 C.F.R. § 0.115. EOIR is an agency of the United States government and has possession of and control over the records that AILA seeks. It has a nondiscretionary duty to publish final opinions and orders made in the adjudication of complaints against immigration judges.

8.  Defendant Juan P. Osuna is the Director of the Executive Office for Immigration Review and is sued in his official capacity.

## FACTS

**The Immigration Court System**

9.  EOIR interprets and administers federal immigration laws by conducting immigration court proceedings, appellate reviews, and administrative hearings. Specifically, EOIR is responsible for overseeing, among other things, the nation's immigration judges and immigration courts.

10. Immigration judges conduct formal court proceedings to determine whether noncitizens are subject to removal from the United States. They are also

responsible for determining whether otherwise removable individuals are entitled to various forms of relief from removal.

11. Immigration judges' decisions, including decisions that individuals should be removed from the United States, are final agency decisions unless they are appealed or certified to the Board of Immigration Appeals (BIA), *see* 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1003.39, which is also part of EOIR, *see generally* 8 C.F.R. § 1003.1. Although the BIA is the highest administrative body for applying and interpreting immigration laws, its review of immigration judges' findings of fact is limited to determining whether such findings are clearly erroneous. *Id.* § 1003.1(d)(3). In addition, some cases before the BIA are affirmed by a single member and without a written opinion. *Id.* § 1003.1(e)(4), (e)(5).

**Immigration Judges and Misconduct**

12. In recent years, the news media has repeatedly documented concerns regarding misconduct by immigration judges and weaknesses in the integrity of our nation's immigration courts. *See*, *e.g.*, Jacqueline Stevens, *Lawless Courts*, The Nation, Nov. 8, 2010; Interview Transcript with Jacqueline Stevens and Emily Guzman, *"Lawless Courts": Lack of Accountability Allows Immigration Judges to Violate Laws, Deport US Citizens*, Oct. 22, 2010, *available at* http://www.democracynow.org/2010/10/22/lawless_courts_lack_of_accountability_allows; Gaiutra Bahadur, *'Bullying' Immigration Judge Absent, Replaced*, Phila. Inquirer, June 2, 2006; Ann M. Simmons, *Some Immigrants Meet Harsh Face of Justice; Complaints of Insensitive—Even Abusive—Conduct by Some U.S. Immigration Judges Have Prompted a Broad Federal*

*Review*, L.A. Times, Feb. 12, 2006; Adam Liptak, *Courts Criticize Judges' Handling of Asylum Cases*, N.Y. Times, Dec. 26, 2005.

13.     Federal judges presiding over immigration matters also have expressed dismay regarding immigration judges' behavior on the bench, leading one court to conclude that the "adjudication of [immigration] cases at the administrative level has fallen below the minimum standards of legal justice." *Benslimane v. Gonzales*, 430 F.3d 828, 829-30 (7th Cir. 2005) (cataloguing criticism by the courts of appeals of immigration judge misconduct and incompetence); *see also*, *e.g.*, *Zuh v. Mukasey*, 547 F.3d 504, 514 (4th Cir. 2008) (recognizing that "courts have grown increasingly skeptical of the high error rate within the immigration system" and citing cases of alleged immigration judge bias or misconduct).

14.     EOIR, through the Office of the Chief Immigration Judge (OCIJ), maintains a complaint process by which individuals, groups, or the OCIJ itself may lodge complaints against immigration judges. *See* Summary of OCIJ Procedure for Handling Complaints Against Immigration Judges, at 1, http://www.justice.gov/eoir/sibpages/ IJConduct/IJComplaintProcess.pdf (attached as Exhibit A).

15.     EOIR states that OCIJ refers complaints against immigration judges to the DOJ Office of Professional Responsibility (OPR) or the DOJ Office of Inspector General (OIG) when it appears that those agencies have jurisdiction over the complaints. *Id.*

16.     EOIR states that where OPR and OIG do not have jurisdiction over a complaint, EOIR conducts an investigation. *Id.* at 2. EOIR states that it also may conduct an investigation before making a referral to OPR or OIG or after receiving a report of findings from OPR or OIG. *Id.* at 1-2.

17. EOIR releases very little information about how complaints against immigration judges are resolved, but the information that is public indicates that formal discipline of immigration judges is rare. In Fiscal Year 2012, EOIR resolved 116 complaints against immigration judges for, among other things, in-court conduct, bias, and due process violations. *See* Complaints Received Between Oct. 1, 2011 and Sep. 30, 2012, at 1, 4, http://www.justice.gov/eoir/sibpages/IJConduct/OCIJComplaintStatsOct012011toSep302012.pdf (attached as Exhibit B). Formal disciplinary action was taken in response to only 1 percent of the complaints. *Id.* at 3. In contrast, 40 percent of the complaints were dismissed and another 12 percent were concluded without action, for example when immigration judges retired or resigned. *Id.* Nearly half of the complaints were resolved with "informal action," which EOIR has not defined in its publicly available complaint statistics. *Id.*

**AILA's FOIA Request**

18. By letter dated November 13, 2012, AILA submitted a FOIA request to EOIR for (1) all complaints filed against immigration judges; (2) all records that reflect the resolution of complaints filed against immigration judges, including the type of informal action taken, if any, or formal discipline imposed, if any; (3) all records that reflect the reasons for resolving complaints against immigration judges and/or findings relied on to resolve complaints against immigration judges, including any reports or memoranda from DOJ's OPR or OIG; (4) all records incorporated by reference in documents that reflect the resolution of complaints filed against immigration judges; and (5) an index of the records described in subparts (2), (3), and (4) of the request, as required to be maintained under 5 U.S.C. § 552(a)(2), to the extent that those records

constitute final opinions and orders made in the adjudication of cases. AILA limited its request for production of records under 5 U.S.C. § 552(a)(3) to cover complaints that EOIR resolved on or after January 1, 2007. AILA also requested that EOIR comply with 5 U.S.C. § 552(a)(2) by posting on its website all final opinions and orders made in the adjudication of complaints against immigration judges. A true and correct copy of AILA's FOIA request without attachments is attached as Exhibit C.

19. AILA requested a public interest fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii) and recognition as a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii). It explained that the requested records reflect how EOIR resolves complaints, the findings and conclusions on which EOIR relies, and the substance of the initial complaints by which the public can assess the sufficiency of EOIR's investigations and conclusions. AILA stated that it would share information from the requested records with the public free of charge. It also provided a list of publications, press releases, congressional testimony, and statements to the news media by which it had disseminated information to the public, including on topics related to immigration courts. AILA explained that it had no commercial interest in the requested records.

20. By letter dated November 15, 2012, EOIR acknowledged receipt of AILA's FOIA request and assigned the request control number 2013-2789. It also notified AILA that, pursuant to 5 U.S.C. § 552(a)(6)(B), the agency would take a 10-day extension due to "unusual circumstances."

21. By letter dated December 6, 2012, EOIR informed AILA that, after reviewing AILA's fee waiver request, "it ha[d] been determined that [AILA's] request did not meet the threshold" and that AILA's "request for [a] fee waiver ha[d] been

denied." EOIR provided no further explanation for its denial of AILA's request for a public interest fee waiver. EOIR provided notice to AILA of its right to an administrative appeal. A true and correct copy of EOIR's denial is attached as Exhibit D.

22. By letter dated December 28, 2012, and faxed to the Department of Justice's Office of Information Policy (OIP) the same day, AILA timely appealed EOIR's fee waiver denial to OIP. On December 28, 2012, AILA also sent by certified mail a hard copy of the appeal, attaching 188 pages of exhibits too voluminous to submit by fax. A true and correct copy of AILA's administrative appeal without attachments is attached as Exhibit E.

23. By letter dated January 10, 2013, OIP acknowledged receipt of AILA's administrative appeal sent by fax on December 28, 2012, and assigned number AP-2013-01290 to the appeal. Postal records indicate that OIP received no later than January 7, 2013, the copy of AILA's administrative appeal sent by certified mail.

24. By letter dated April 5, 2013, AILA contacted OIP about the administrative appeal, which had been pending for more than 20 working days. Through counsel, AILA explained that EOIR was precluded from assessing any fees as a result of OIP's failure to make a determination on AILA's administrative appeal within FOIA's statutory time limit. *See* 5 U.S.C. § 552(a)(4)(A)(viii) (providing that an agency that does not comply with FOIA's statutory time limit "shall not assess search fees . . . [unless] unusual or exceptional circumstances . . . apply," and that if the requester is a news media representative, the agency cannot assess duplication fees).

25. Under 5 U.S.C. § 552(a)(6)(A)(ii), OIP had 20 working days to respond to AILA's FOIA administrative appeal. More than 20 working days have passed since

AILA's December 28, 2012, appeal, and AILA has received neither a denial of its appeal nor a grant of its public interest fee waiver request and the records it requested at no cost.

26. Under 5 U.S.C. § 552(a)(6)(A)(i), EOIR had 20 working days to respond to AILA's FOIA request. Even assuming unusual circumstances applied under 5 U.S.C. § 552(a)(6)(B), EOIR was entitled at most to a ten-day extension. More than 30 working days have passed since AILA's November 13, 2012, FOIA request. AILA has received neither a denial of its appeal nor a grant of its public interest fee waiver request and the records it requested at no cost.

27. AILA has exhausted all administrative remedies with respect to its FOIA request. *See* 5 U.S.C. § 552(a)(6)(C)(i).

**Unavailability of Final Orders and Opinions**

28. FOIA requires agencies to make electronically available all "final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases." 5 U.S.C. § 552(a)(2).

29. Defendants do not make electronically available final opinions and orders resolving complaints against immigration judges.

30. As a result of the withholding of these documents, AILA has been denied the ability to make use of these records. For example, AILA cannot analyze the records to determine whether EOIR sufficiently investigates complaints against immigration judges and whether discipline imposed on immigration judges is commensurate with the misconduct.

### FIRST CLAIM FOR RELIEF
### (FOIA claim against EOIR and DOJ)

31. AILA incorporates by reference the allegations of paragraphs 1 to 30 of this Complaint.

32. Under 5 U.S.C. § 552(a)(4)(A)(iii), AILA is entitled to a full waiver of fees that otherwise would be assessed in conjunction with its request, and the denial of AILA's request for a public interest fee waiver violates FOIA.

### SECOND CLAIM FOR RELIEF
### (FOIA claim against EOIR and DOJ)

33. AILA incorporates by reference the allegations of paragraphs 1 to 30 of this Complaint.

34. Under 5 U.S.C. § 552(a)(4)(A)(ii), AILA is entitled to recognition as a representative of the news media whose liability for fees is limited to duplication charges. Defendants EOIR and DOJ have no legal basis for failing to grant AILA's request for recognition as a representative of the news media.

### THIRD CLAIM FOR RELIEF
### (FOIA claim against EOIR and DOJ)

35. AILA incorporates by reference the allegations of paragraphs 1 to 30 of this Complaint.

36. Under 5 U.S.C. § 552(a)(4)(A)(viii), AILA is entitled to a waiver of all duplication fees in its capacity as a news media representative because Defendants EOIR and DOJ failed to respond to AILA's FOIA request and administrative appeal within FOIA's time limit, and neither unusual nor exceptional circumstances apply to excuse the delay.

37. If AILA is not deemed a representative of the news media, AILA is entitled under 5 U.S.C. § 552(a)(4)(A)(viii) to a waiver of all search fees because it is a non-commercial requester, Defendants EOIR and DOJ failed to respond to AILA's FOIA request and administrative appeal within FOIA's time limit, and neither unusual nor exceptional circumstances apply to excuse the delay.

38. Defendants EOIR and DOJ may not rely on EOIR's letter dated November 15, 2012, which invoked an "unusual circumstances" extension, to assess search or duplication fees against AILA. The "unusual circumstances," to the extent they were ever present, expired as a matter of law ten days after FOIA's otherwise applicable time limit.

**FOURTH CLAIM FOR RELIEF**
**(FOIA claim against EOIR and DOJ)**

39. AILA incorporates by reference the allegations of paragraphs 1 to 30 of this Complaint.

40. AILA has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records it requested. No legal basis exists for the failure by EOIR and DOJ to disclose the records to AILA.

**FIFTH CLAIM FOR RELIEF**
**(FOIA claim against EOIR and DOJ)**

41. AILA incorporates by reference the allegations of paragraphs 1 to 30 of this Complaint.

42. AILA has a right under FOIA, 5 U.S.C. § 552(a)(2), to inspect by electronic means those requested records that constitute final opinions, including concurring and dissenting opinions, as well as orders made in the adjudication of complaints against immigration judges.

43. Defendants EOIR and DOJ have a practice of failing to make these records available to the public by electronic means.

44. Defendants' failure to make final opinions and orders in the adjudication of complaints against immigration judges available by electronic means violates 5 U.S.C. § 552(a)(2).

45. AILA has been and will continue to be injured by the failure to make the aforementioned information publicly available by electronic means.

### SIXTH CLAIM FOR RELIEF
(Violation of FOIA; APA claim against all Defendants)

46. AILA incorporates by reference the allegations of paragraphs 1 to 30 of this Complaint.

47. AILA has a right under FOIA, 5 U.S.C. § 552(a)(2), to inspect by electronic means those requested records that constitute final opinions, including concurring and dissenting opinions, as well as orders made in the adjudication of complaints against immigration judges.

48. Defendants' failure to make final opinions and orders in the adjudication of complaints against immigration judges available by electronic means violates 5 U.S.C. § 706.

49. AILA has been and will continue to be injured by the failure to make the aforementioned information publicly available by electronic means.

### SEVENTH CLAIM FOR RELIEF
(Violation of FOIA; claim for mandamus relief against all Defendants)

50. AILA incorporates by reference the allegations of paragraphs 1 to 30 of this Complaint.

51. AILA has a clear statutory right under FOIA, 5 U.S.C. § 552(a)(2), to inspect by electronic means those requested records that constitute final opinions, including concurring and dissenting opinions, as well as orders made in the adjudication of complaints against immigration judges.

52. Defendants have a nondiscretionary duty under 5 U.S.C. § 552(a)(2) to make such records available for public inspection by electronic means.

53. Defendants' failure to make final opinions and orders in the adjudication of complaints against immigration judges available by electronic means warrants relief in the nature of mandamus if no other adequate remedy is available to AILA to compel the action required of the agencies by law.

54. AILA has been and will continue to be injured by the failure to make the aforementioned information publicly available by electronic means.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court:

(a) Declare that the failure of Defendants EOIR and DOJ to waive all fees associated with AILA's FOIA request is unlawful;

(b) Declare that the failure of Defendants EOIR and DOJ to grant AILA status as a representative of the news media is unlawful;

(c) Declare that Defendants EOIR and DOJ failed to respond to AILA's FOIA request and administrative appeal within the time limits required by FOIA and that no unusual or exceptional circumstances exist;

(d) Declare that the withholding of the requested records by Defendants EOIR and DOJ in response to AILA's FOIA request is unlawful;

(e) Declare that the practice of failing to make final opinions and orders resolving complaints against immigration judges publicly available by electronic means is unlawful;

(f) Order Defendants EOIR and DOJ to make the requested records available to AILA without delay and at no cost;

(g) Order all Defendants to promptly comply with 5 U.S.C. § 552(a)(2) by making electronically available to the public all current and future final opinions and orders in the adjudication of complaints against immigration judges, or issue an order in the nature of mandamus compelling all Defendants to carry out their nondiscretionary duty to make final opinions and orders made in the adjudication of complaints against immigration judges electronically available to the public;

(h) Award AILA its costs and reasonable attorneys' fees pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E), and the Equal Access to Justice Act, 28 U.S.C. § 2412, as applicable; and

(i) Award such other relief as this Court deems just and proper.

        Respectfully submitted,

        /s/ Julie A. Murray
        Julie A. Murray
        D.C. Bar No. 1003807
        Michael T. Kirkpatrick
        D.C. Bar No. 486293
        PUBLIC CITIZEN LITIGATION GROUP
        1600 20th Street NW
        Washington, DC 20009
        (202) 588-1000
        jmurray@citizen.org

        Melissa Crow
        D.C. Bar No. 453487
        AMERICAN IMMIGRATION COUNCIL
        1331 G Street NW
        Washington, DC 20005
        (202) 507-7523
        mcrow@immcouncil.org

Dated: June 6, 2013        *Counsel for Plaintiff*