## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN IMMIGRATION LAWYERS ASSOCIATION, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-0840 (CRC) |
| | ) | |
| EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, U.S. DEPARTMENT OF JUSTICE, *et al.*, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MOTION TO ENTER A SCHEDULE FOR REVIEW AND RELEASE OF RECORDS SENT TO OTHER AGENCIES FOR CONSULTATION OR REFERRAL

Plaintiff American Immigration Lawyers Association (AILA) moves this Court to enter an order for a schedule under which defendants Executive Office for Immigration Review (EOIR) and Department of Justice (DOJ), *et al.*, will review all records referred or sent to other agencies—including DOJ components—and release them to plaintiff in this Freedom of Information Act (FOIA) case. Pursuant to Local Civil Rule 7(m), plaintiff asked defendants for their position. Defendants have indicated that they oppose this motion.

### I.      Background

In 2012, AILA submitted a FOIA request to EOIR seeking complaints against immigration judges, records relating to the resolution of those complaints, and an index of those requested records that constitute final opinions and orders made in the adjudication of cases. In June 2013, AILA filed suit against EOIR and DOJ, of which EOIR is a component, after

constructively exhausting its administrative remedies under FOIA.[1] On October 22, 2013, this Court entered its first order setting a schedule for the production of responsive records and briefing. On October 29, 2013, this Court granted defendants' first motion for an extension, which was unopposed. Defendants began releasing records on a rolling basis. On February 12, 2014, this Court granted in part and denied in part defendants' second motion for an extension to the production and briefing schedule. Plaintiff opposed in part and asked this Court to enter a schedule for the review and release of a subset of records that EOIR sent to other components of defendant DOJ for consultation. Although the Court declined to enter a schedule at that time for such referred records, it ordered the parties to submit by May 2, 2014, a "joint status report detailing the status of the review of responsive records that have been referred to other [DOJ] components."

On March 11, 2014, nearly one month after the Court's last scheduling order and nearly four months after EOIR began withholding responsive records based on an asserted need to confer with other agencies, EOIR first sent records to other DOJ components (Office of Professional Responsibility (OPR), Office of Inspector General (OIG), Office of Information Privacy (OIP)) and a non-DOJ agency (Office of Special Counsel (OSC)). Plaintiff's understanding is that EOIR asked agencies to respond to it by April 15. However, as of the parties' joint status report filed on May 1, 2014, two DOJ components—OIP and OPR—had not responded to EOIR's March 11 request. EOIR sent a second batch of records to DOJ components

---

[1] AILA also filed suit against additional defendants seeking relief under the Administrative Procedure Act or, in the alternative, under this Court's mandamus authority. Those claims are not relevant here.

(OPR, OIG, and the Civil Division) on April 22, 2014, and has asked for a response by May 23, 2014.

## II.    Argument

This Court should enter an order directing (1) that all components of defendant DOJ review records sent by EOIR for consultation or referral by May 23, 2014, (2) that defendants either release such records or provide a *Vaughn* index/declaration justifying those records' withholding by June 6, 2014, and (3) that the parties submit by June 6, 2014, a joint status report on any remaining records sent to non-DOJ agencies for consultation that have not been released.

Without such an order, there is no binding schedule in this case for the review and production of records sent by EOIR to other DOJ components or agencies. EOIR's delay in referring records to other DOJ components and agencies indicates that a court-ordered schedule is warranted to ensure that this litigation proceeds without undue delay. In addition, a court-ordered schedule would ensure the timely cooperation of the other components of defendant DOJ. In previous conversations with the undersigned counsel, defendants have taken the position that EOIR cannot compel other DOJ components to review records by a particular date, even though DOJ is itself a defendant in the litigation. And as the parties' May 1 joint status report makes clear, some components of defendant DOJ have not yet responded to EOIR's referral of records for consultation. Given DOJ's status as a party to this litigation, it is well within the Court's power to order DOJ (including all of its components) to comply with a scheduling order.

A June 6 deadline for release of records (or a *Vaughn* index/declaration justifying the records' withholding) is also appropriate. EOIR has already received some responses from other DOJ components or agencies and can begin processing those records now. Moreover, the proposed time period between the deadline for agencies to review records and respond to EOIR

(May 23) and the deadline for release (June 6) would not overlap with the time within which defendants will be preparing their motion for summary judgment, which is due May 16, 2014.

Accordingly, plaintiff requests that the Court enter the attached order setting a schedule for the review and release of records sent to other agencies for consultation or referral.

Respectfully submitted,

/s/ Julie A. Murray
Julie A. Murray
D.C. Bar No. 1003807
Michael T. Kirkpatrick
D.C. Bar No. 486293
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
jmurray@citizen.org

Melissa Crow
D.C. Bar No. 453487
Beth Werlin
D.C. Bar No. 1006954
AMERICAN IMMIGRATION COUNCIL
1331 G Street, NW
Washington, DC  20005
(202) 507-7523
mcrow@immcouncil.org

Dated: May 1, 2014                    *Counsel for Plaintiff*

4