UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION LAWYERS ASSOCIATION,<br><br>            Plaintiff,<br><br>     v.<br><br>EXECUTIVE OFFICE FOR IMMIGRATION REVIEW <u>et al.</u>,<br><br>            Defendants. | Case No. 1:13-cv-00840  (CRC) |

## OPINION AND ORDER

Plaintiff American Immigration Lawyers Association ("AILA") asks the Court to clarify or enforce its Memorandum Opinion and Order of December 24, 2014 granting in part and denying in part cross motions for summary judgment by AILA and the Executive Office for Immigration Review ("EOIR") in a Freedom of Information Act ("FOIA") dispute in which AILA sought records related to complaints against immigration judges. EOIR had produced approximately 16,000 pages of documents, but AILA additionally sought, in its motion for summary judgment, information related to immigration judges' personal identities; the publication of immigration judge complaint resolutions; and information or entire records EOIR had withheld as non-responsive. EOIR insisted that identifying the immigration judges by name would unduly infringe their privacy interests; that FOIA does not require release of the complaint resolutions; and that its other redactions were proper, including those made on the basis that the redactions made it easier to understand the complaint files. The Court granted EOIR partial summary judgment as to the redaction of immigration judges' personal identifying information and the publication of complaint resolutions, but it ordered EOIR to produce any material

1

withheld from complaint records "on the basis that withholding non-responsive information about other complaints made it easier to understand the subject complaint file." Order at 1, December 24, 2014.

In response, EOIR produced 568 pages in full and 57 pages in part out of 665 pages of records that had previously been designated "non-responsive." AILA now seeks the release of the information redacted from approximately 64 pages of remaining documents, arguing that the Court ordered EOIR to "disclose *all* information originally redacted as 'non-responsive' from responsive records[.]" Pl.'s Mot. to Enforce at 4 (emphasis added). AILA misreads the Court's Order, which addressed only "material withheld from complaint records *on the basis that withholding non-responsive information about other complaints made it easier to understand the subject complaint file*." Order at 1, December 24, 2014 (emphasis added). The Court never meant to suggest that EOIR could not redact *any* material as "non-responsive." Indeed, as this Court has previously noted, "[t]he practice of redacting non-responsive materials from documents produced in response to FOIA requests has been approved by courts in this Circuit." Freedom Watch, Inc. v. Nat'l Sec. Agency, 49 F. Supp. 3d 1, 7 (D.D.C. 2014) aff'd and remanded sub nom. Freedom Watch, Inc. v. Nat'l Sec. Agency, 783 F.3d 1340 (D.C. Cir. 2015); see also Menifee v. Dep't of the Interior, 931 F. Supp. 2d 149, 167 (D.D.C. 2013); Pinson v. Lappin, 806 F. Supp. 2d 230, 237 (D.D.C. 2011); Wilson v. Dep't of Transp., 730 F. Supp. 2d 140, 156 (D.D.C. 2010), aff'd, 10–5295, 2010 WL 5479580 (D.C. Cir. Dec. 30, 2010). To be sure, AILA correctly notes that Department of Justice Office of Information Policy ("OIP") guidance instructs federal agencies not to withhold non-responsive information "on less than a page-by-page basis." OIP Guidance: Determining the Scope of a FOIA Request, Department of Justice, 3 (Jan. 1, 1995), http://www.justice.gov/oip/foia_updates/Vol_XVI_3/page3.htm. Yet

the guidance itself does not have the force of law, acknowledges that "few judicial precedents . . . have adjudicated such issues under the FOIA," and cites a case that states that agencies may withhold such information found in responsive records "if that material is clearly and without any doubt unrelated to the subject of the request." Dunaway v. Webster, 519 F. Supp. 1059, 1083 (N.D. Cal. 1981). Here, EOIR has provided a declaration that the information it continues to withhold as non-responsive "does not concern the subject of the Plaintiff's FOIA request – complaints against immigration judges or the resolution of those complaints[.]" Defs.' Opp'n, Decl. of Paul A. Rodrigues ¶ 26. Instead, according to the agency, this material discusses totally irrelevant topics such as office cleaning, vacation plans, and medical conditions of EOIR staff. Id. Thus, so long as the information in question "is clearly and without any doubt unrelated to the subject of the request," Dunaway, 519 F. Supp. at 1083, and its redaction will not interfere with AILA's ability to understand or contextualize the responsive material, EOIR is not obligated to produce it, see Menifee, 931 F. Supp. 2d at 167 (quoting Wilson, 730 F.Supp.2d at 156) ("an agency has 'no obligation to produce information that is not responsive to a FOIA request'").

AILA further argues that EOIR impermissibly invoked FOIA exemptions in the records it produced in response to the Court's Order because the Government has "missed its window" for raising FOIA exemptions and is not permitted to "reprocess[]" the materials at this stage in the litigation. Pl.'s Reply at 7–8. AILA relies on the "general rule" that the Government "must assert all [FOIA] exemptions at the same time" in order to satisfy "the statutory goals of efficient, prompt, and full disclosure of information" and the "interests of judicial finality and economy." Maydak v. U.S. Dep't of Justice, 218 F.3d 760, 764 (D.C. Cir. 2000) (citations and quotation marks omitted). Yet Maydak involved an agency invoking one exemption and then

3

later attempting to invoke another, not an agency processing material for the first time. "Because an agency has 'no obligation to produce information that is not responsive to a FOIA request,'" EOIR had no obligation to process material it had designated as non-responsive prior to summary judgment briefing and, understandably, did not do so. Menifee, 931 F. Supp. 2d at 167 (quoting Wilson, 730 F.Supp.2d at 156). Once the Court found a portion of this material to be responsive, the agency was certainly within its rights to process it for relevant FOIA exemptions, as it would for any other material it would produce in response to a FOIA request.

The Court therefore concludes that EOIR has properly complied with its December 24, 2014 Order. Accordingly it is hereby

**ORDERED** that [ECF No. 35] Plaintiff's motion to enforce or, in the alternative, to clarify is **DENIED**.

**SO ORDERED.**

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: \_\_June 23, 2015_____